B6F (Official Form 6F) (12/07)

IN RE Palumbo, Michael & Palumbo, Rhonda Jean
Debtor(s)

Case No. 09-12148
(If known)

FILED
SEP - 2 2009
U.S. BANKRUPTCY COURT

Amended SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 4388641833392066<br>Capital One<br>PO Box 70886<br>Charlotte, NC 28272-9903 | | C | Credit cards | | | | 3,438.71 |
| ACCOUNT NO. 4121742545244413<br>Capital One<br>PO Box 70886<br>Charlotte, CA 28272-9903 | | C | Credit cards | | | | 3,846.29 |
| ACCOUNT NO. | | C | | | | | |
| ACCOUNT NO. 580*94732<br>Medical Anesthesia Consultants<br>PO Box 7004<br>San Francisco, CA 94120-7004 | | C | 12/01/2008 Medical bills | | | | 1,170.00 |

1 continuation sheets attached

Subtotal (Total of this page) $ 8,455.00

Total
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Case: 09-12148   Doc# 27   Filed: 09/02/09   Entered: 09/04/09 10:20:45   Page 1 of 5

IN RE Palumbo, Michael & Palumbo, Rhonda Jean  
Debtor(s)

Case No. 09-12148  
(If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 61<br>North Bay Regional Surgery Center<br>PO Box 255267<br>Sacramento, CA 95865-5567 | | C | 12/1/2008 Medical bills | | | | 5,315.20 |
| ACCOUNT NO. 9202<br>Winthrop Hall, MD<br>165 Roland Way, Ste 202<br>Novato, CA 94945 | | C | 12/01/2008 Medical bills | | | | 600.00 |
| ACCOUNT NO 40414971<br>Litton Loan Servicing LP<br>4828 Loop Central Drive<br>Houston, TX 77081 | | C | As of 4/2/2009<br>amount on Notice of Default<br>$470,521.24 This amount differs from the amount shown on the Trustee Sale to occur on Sept 16th of appx 500,000.00 | X | | X | unknown |
| ACCOUNT NO. 40414971<br>Litton Loan Servicing LP<br>4828 Loop Central Drive<br>Houston, TX 77081 | | C | As of 3/20/2009<br>Notice of Default & Election to Sell<br>TS #CA-09-265364-BL<br>amount to cure debt $19,752.59<br>As of 9/2009 amount to cure debt is appx. | X | | X | unknown |
| ACCOUNT NO. | | | $ 34,000.00<br>fees are accued daily on default amount<br>We are unsure of how to address these correctly and kindly ask your assistance to avoid any errors. The amount Litton claims is owed to them also includes the same debt that Fremont | | | | |
| ACCOUNT NO. | | | (schedule D) is claiming plus additional unidentified fees and charges. | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

includes attached explanation. (3 pages)

Subtotal (Total of this page) $ 5,915.20

Total  
(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) $ 14,370.20

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Timothy W. Hoffman
Bankruptcy Trustee
P.O. Box 1761
Sebastopol, CA
94573

RE: CASE # 09-12148

SCHEDULES D and F explanation of entries page 1 of 3

Dear Mr. Hoffman,

In regards to your request to amend our schedule D and F, we can only submit the following information with you and amend our schedules accordingly. We, under no circumstance, want to further confuse this situation by entering the information incorrectly. We do not know who, at this time, has the secured claim against our home. We know this sounds ridiculous, but this is the very reason we are seeking help in stopping the foreclosure on our home by filing bankruptcy. The creditors, Quality Loan Service, selling our home as indicated on the Notice of Default and Election to Sell Under Deed of Trust, claim to be debt collectors only, they have no secured interest in our property. Quality Loan Service claims to be doing this on behalf of Litton Loan Servicing. Litton Loan Service also claims to be a debt collector; they have no secured interest in our property. Two Qualified Written Requests were sent to Litton and they only sent us copies of our original loan agreement with Fremont, the second response also included several pages unsigned by us and not included in the original response. Quality Loan Servicing and MERS never responded to our Qualified Written Request. They only entity who may have a secured interest is Fremont Investment and Loan (Wells Fargo as Trust Administrator). We are unclear as to who, what and how the residential property they hold secured interest in is being handled in their own bankruptcy case or how to apply that on the schedule. We honestly cannot say that we know if Wells Fargo was appointed Trust Administrator of their all Fremont's residential loans and that our loan was included, or if it was sold to someone else. To date we have received no information from Fremont or anyone on their behalf indicating that our loan has been sold or transferred and that we have a new lender. The County Records indicate Fremont is the only lender of record. Fremont is unaware that our home is in foreclosure; Litton Loan Service informed us that Fremont was "out of the picture".

We declare and attach the appropriate documents regarding our statement.

**Original Lender with Secured Interest:**

Fremont Investment and Loan
(*Wells Fargo appointed as Trust Admin)
*Amount of original "secured instrument"  $441.000.00
Date Recorded 2/28/2006
(*Disputed? until lender acknowledges)
*Entire amount of debt due as of 4/22/2009  $470,521.24
(*Disputed)

SCHEDULES D and F explanation of entries RE: CASE # 09-12148   page 2 of 3

**Debt Collectors with Unsecured Interest:**

Litton Loan Servicing LP
T.S. # CA-09-265364-BL
Loan # 40414971
Debt Validation Notice dated 4/2/2009
Received by Quality Loan Service
Amount delinquent as of 3/20/2009        $19,732.59
Entire amount of debt due as of 4/2/2009        $470,521.24
DISPUTED

Litton is in violation of section 6 of RESPA, which states you have a 60-day grace period in which no late fees or penalties can be applied. On January 5, 2009, 35 days after our missed payment, we received a notice that we were 3 months past due and unless we paid the $8171.18, which includes late fees and penalties they would began the foreclosure process.

They would not accept any payment less than this and apply it to our mortgage unless it was the full amount due. As evidenced by the prior payment due on November 1st, which we paid on November 25th, our account was not credited for this mortgage payment because of the charges incurred during those 24 days. The monies went into a suspense account and we continued to be notified that the mortgage payment for November had not been made.

We intend to regain our right to rescind and/or cancel our loan: Due to Fremont's current bankruptcy we have lost our right to rescind and or cancel the loan or proceed with any formal action against anyone on their behalf, including Litton's violations. We cannot proceed with this process against Litton because they do not have a secured interest in our property, and claim only to the debt collector on behalf of Fremont. Litton assumes no responsibility for their violations and claims. We are reminded of this every time they send us a letter: Litton Loan Servicing is ONLY a debt collector.

We intend to have this default with intent to sell remedied by whatever means necessary. We were lead to believe by Litton that it could be remedied through a Loan Modification. Litton never followed through with the proposed pre-approved, pre-qualified HAMP modification. They were presented with all the documents necessary and required by the HAMP program, along with Litton's additional requested documents; proof of insurance, hardship letter, etc.

We intend to keep our property protected under the stay, and any other remedy available to us, until such time Litton follows through with the proposed modification or some other repayment of the default can be agreed to. If our property is not protected, we will lose it under false pretense and without the ability to cure the default.

We intend to keep this property protected under the stay and any other remedy available to us, until the Notice of Default is rescinded. It was filed and recorded under false pretense. The amounts needed to cure the default presented to us are in violation of RESPA section 6. Also, non-compliance with 2923.5. The real beneficiary has not contacted us and has not assessed our financial situation as mandated in 2924.5 (a) (2) We have never been contacted by MERS, Quality Loan Service, or Fremont as declared to and signed on the NOD. We do not even know who the real beneficiary(s) are.

Had our account been handled properly and the amounts demanded to keep our home from going into default were in fact accurate, we would not have been forced into this position. Financial constraints have left us unable to hire an attorney. We were at least able to get legal aide to point out the above violations that were prudent to our immediate situation but time was not on our side. The sale date for our home was already set, thus the emergency filing of bankruptcy. As mentioned, Fremont's Bankruptcy has also restricted our legal options.

We would like the following to be considered when reviewing our case and the amending our schedules. We cannot stand back and allow Litton Loan Service and Quality Loan Service to claim they are only debt collectors attempting to collect a debt on behalf of Fremont, and then in the next breath tell me that Fremont is "out of the picture". Yet they claim they have the right to foreclose and sell our home on behalf of our lender, but our lender is "out of the picture". How can this be? They will not work with us to get our home out of foreclosure. We no longer have access to our account at their website, all our phone calls are transferred to an outside party, Litton does not respond to our inquiries regarding the HAMP modification that began earlier this year, (even before we filed bankruptcy). We have worked too long and too hard to allow this. How do we fight this? I know we are among many in the same situation and it is really sad that so many families are losing their homes to these companies. What recourse do we have other than the Homestead Act, can and does that apply here considering they claim to be debt collectors? Our lender is NOT foreclosing on our home, unsecured debt collectors are. Shouldn't they only have the same rights as any other unsecured debt collectors who wish to seize property; proceed with a lawsuit and obtain a judgment first then get the lien placed against a home? At the very least this would provide both parties the same opportunity to argue our complaints. If what they claim is in fact true, they should have no problem getting a lien placed against our home and their unsecured debt legally secured. Why should these unsecured debt collectors be held above the law and take away the consumers right to fight them in court? They are taking advantage of Californian non-judicial real estate laws and this is just not fair.

Thank you for your time and consideration of these matters. It is truly appreciated.

Michael and Rhonda Palumbo
2211 Center Road
Novato CA 94947
Phone: 415-328-2662
Email: elysians@comcast.net