B8 (Official Form 8) (12/08)


Amended

United States Bankruptcy Court
Northern District of California

FILED
SEP 25 2009
U.S. BANKRUPTCY COURT
SANTA ROSA, CA

IN RE:
Palumbo, Michael & Palumbo, Rhonda Jean
                    Debtor(s)

Case No. 09-12148
Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:** Litton Loan Servicing llp | **Describe Property Securing Debt:** none |

Property will be *(check one)*:
☐ Surrendered  ☒ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☒ Other. Explain  See attachment ADVERSARY / 11 US.C.544  (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☐ Not claimed as exempt

| Property No. 2 (if necessary) | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
☐ Surrendered  ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
☐ Claimed as exempt  ☐ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ Yes ☐ No |
| Property No. 2 (if necessary) | | |
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): ☐ Yes ☐ No |

☒ continuation sheets attached *(if any)*

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: __August 7, 2009__  /s/ Michael Palumbo
                          Signature of Debtor

                          /s/ Rhonda Jean Palumbo
                          Signature of Joint Debtor

**United States Bankruptcy Court**
**Northern District of California**

IN RE:                                                                                          Case No. 09-12148

Palumbo, Michael & Palumbo, Rhonda Jean                                  Chapter 7
                              Debtor(s)

## STATEMENT OF INTENTION (attatchment)

Litton is in violation of section 6 of RESPA which states you have a 60 day grace period in which no late fees or penalties can be applied. On January 5, 2009, 35 days after our missed payment, we received a notice that we were 3 months past due and unless we paid the $8171.18, which includes late fees and penalties they would began the foreclosure process.

They would not accept any payment less than this and apply it to our mortgage unless it was the full amount due. As evidenced by the prior payment due on November 1st, which we paid on November 25th, our account was not credited for this mortgage payment because of the charges incurred during those 24 days. The monies went into a suspense account and we continued to be notified that the mortgage payment for November had not been made.

We intend to regain our right to rescind and/or cancel our loan: Due to Fremont's current bankruptcy we have lost our right to rescind and or cancel the loan or proceed with any formal action against anyone on their behalf, including Litton's violations. We cannot proceed with this process against Litton because they do not have a secured interest in our property, and claim only to the debt collector on behalf of Fremont. Litton assumes no responsibility for their violations and claims. We are reminded of this every time they send us a letter: Litton Loan Servicing in ONLY a debt collector.

We intend to have this default with intent to sell remedied by whatever means necessary. We were lead to believe by Litton that it could be remedied through a Loan Modification. Litton never followed through with the proposed pre-approved, pre-qualified HAMP modification. They were presented with all the documents necessary and required by the HAMP program, along with Litton's additional requested documents; proof of insurance, hardship letter, etc.

We intend to keep our property protected under the stay, and any other remedy available to us, until such time Litton follows through with the proposed modification or some other repayment of the default can be agreed to. If our property is not protected, we will lose it under false pretense and without the ability to cure the default.

We intend to keep this property protected under the stay and any other remedy available to us, until the Notice of Default is rescinded. It was filed and recorded under false pretense. The amounts needed to cure the default presented to us are in violation of RESPA section 6. Also, non-compliance with 2923.5. The real beneficiary has not contacted us and has not assessed our financial situation as mandated in 2924.5 (a) (2) We have never been contacted by MERS, Quality Loan Service, or Fremont as declared to and signed on the NOD. We do not even know who the real beneficiary(s) are.

Had our account been handled properly and the amounts demanded to keep our home from going into default were in fact accurate, we would not have been forced into this position. Financial constraints have left us unable to hire an attorney. We were at least able to get legal aide to point out the above violations that were prudent to our immediate situation but time was not on our side. The sale date for our home was already set, thus the emergency filing of bankruptcy. As mentioned, Fremont's Bankruptcy has also restricted our legal options.

Michael Palumbo _____  Rhonda J. Palumbo _____