FILED

2009 SEP 25 PM 3: 52

U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
SANTA ROSA, CA.

Michael and Rhonda J. Palumbo, Pro Se
2211 Center Rd, Novato CA 94947

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFONIA

## SANTA ROSA DIVISION

| | |
|---|---|
| Michael and Rhonda J. Palumbo, **(Debtors/Respondents)** | ) Case No.: 09-12148<br>) Chapter 7<br>) |
| HSBC Bank USA as Trustee, Litton Loan Servicing, LP as Servicing Agent **(Creditors/Movants)** | ) RESPONSE TO<br>) MOTION FOR RELIEF FROM<br>) AUTOMATIC STAY<br>)<br>) Date: 9/29/09<br>) Time: 9:00 AM<br>) Place: 99 South E. Street<br>      Santa Rosa, CA |

_____

Michael and Rhonda Jean Palumbo, Debtors and Respondents

(hereafter "Palumbos") and HSBC Bank USA as Trustee, Litton Loan

Servicing, LP as Servicing Agent (hereafter "Movant(s)")

Debtors Property, commonly known as 2211 Center Road, Novato CA

94947 (hereafter "Home")

### Statement of Facts:

On February 26, 2006, the Palumbos executed a promissory

note in favor of Fremont Investment and Loan, the Beneficiary

named is Mortgage Electronic Registration Systems, Inc., (MERS)

as nominee for Fremont Investment and Loan and its successors.

This note is secured by a Deed of Trust dated 2/26/2006.

Case: 09-12148   Doc# 32   Filed: 09/25/09   Entered: 09/30/09 15:54:10   Page 1 of 25

## ARGUMENT

### Movant Lacks Standing

A security interest cannot exist independent from the obligation which it secures. In Re Leisure Time Sports, Inc., 194 B.R. 859, 861 (9th.Cir.Bap 1996). Security interest follows the debt. Id. If the debt is not transferred, neither is the security interest. Id. The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity. Carpenter v. Longan, 83 U.S. 271(1872)

F.R. Civ. Pro. 17… all federal lawsuits must be presented in the name of the real party in interest. See, e.g., In re Hwang, 2008 WL 4899273 at 8. The servicing agent must show both transferee status and act in the name of the real party in interest, which requires the servicing agent to show that its principal is the actual holder. See, e.g., In re Vargas, 396 B.R. 511 (Bankr. C.D. Cal. 2008) at 520. Holder has named MERS as the beneficiary of record … In re National Bank v. Kesler, 2009 Kan. LEXIS 834; all proceedings in law and equity start with basic analysis of jurisdiction, then to sue.

Case: 09-12148   Doc# 32   Filed: 09/25/09   Entered: 09/30/09 15:54:10   Page 2 of 25

**The Palumbos respond as follows to Movant's request for Relief:**

**1)** The Palumbos lack sufficient knowledge and have conflicting evidence, therefore deny the content of paragraph one: Litton Loan Servicing as a secured creditor.

**2)** The Palumbos deny *the second paragraph based on a BPO appraisal (Exhibit 2 in the Motion for Relief from Stay):* this is a negligent misrepresentation of the known facts.

**3)** The Palumbos deny *and respond to the contents to Paragraph 3 of the Movant's claims; they are not adequately protected; receiving regular Monthly payments; and are unfairly delayed:* The Movant was provided ample time and opportunity to resolve this matter and were never unfairly delayed.

**4)** The Palumbos deny *the Movant's submission of Exhibit 1 as evidence they hold and can enforce the original Deed of Trust dated 2/23/06:* The original lender and endorser of the Deed of Trust and only entity known to the Palumbos with the ability to enforce/change/alter the contents of this Note, unless mutually agreed upon, is Fremont Investment and Loan.

**5)** The Palumbos deny *the accuracy of Exhibit 3;* this information is misleading and not accurate reflections of the statements customers receive.

Case: 09-12148   Doc# 32   Filed: 09/25/09   Entered: 09/30/09 15:54:10   Page 3 of 25

**Background Summary supporting Palumbos Response**

**1a)**  Movant's claim referencing HSBC as Trustee, the Palumbos refer to the Notice of Default (Exhibit A) and pending Trustee Sale filed at the Marin County Recorders Office, the named Trustee conflicts with this declaration as does a Notice of Substitution of Trustee received certified mail from Quality Loan Service Corp to the Palumbos claiming Mortgage Electronic Registration Systems (MERS) is the current Trustee. (Exhibit B) MERS, the original trustee and beneficiary, also filed another Substitution of Trustee to Quality Loan Service on 5/4/2009. The Palumbos received a Debt Validation Notice in April 2009, from Quality Loan Service, referencing the mortgage loan with Fremont Investment and Loan's mortgage loan and debt owed to MERS. (Exhibit C)  The pending Trustee Sale for September 30, 2009 record at the Marin County Recorders Office has Quality Loan Service as Trustee.

**2a)**   The Palumbos declare this information as materially adverse, and a negligent misrepresentation of the known facts on behalf of the Movant. Bound to the original "Deed of Trust" documentation is an appraisal including the **correct square footage, number of rooms, relevant upgrades, and landscaping of the home.** (Exhibit D)

Case: 09-12148   Doc# 32   Filed: 09/25/09   Entered: 09/30/09 15:54:10   Page 4 of 25

**3a)**    The Movant's claim of no equity in the Home and not necessary for effective reorganization is based on false information as indicated in the foregoing and the Palumbos have no comment other than it is a shame and a disgrace to waste the courts time, the Palumbos have spent over 25 years building equity and investing in their home.  The Palumbos would show that they have the ability to give adequate protection by making monthly payments on any arrearages via the agreement solicited by the Law Offices of McCalla Raymer LLC (Exhibit E) on behalf of their client and Movant Litton Loan Servicing on August 28, 2009. If indeed this is a good faith offer at a resolution and not another attempt to deliberately deceive and delay the Palumbos and cause the extensive interest and fees the Movant's feel they are now entitled to, they will be adequately protected.  The Movant's were provided ample time and opportunity to resolve this matter and were never unfairly delayed and were given many opportunities to resolve the dispute with the Palumbos in a timely matter but failed to do so. The Palumbos declare the home is properly covered by insurance which constitutes an indispensable protection. The Palumbos are a family of 7, including minor children and elderly Mother who have lived in this home for a quarter of a century, and an unjust and unfair foreclosure by the mortgage servicer will impose undue hardship and irreparable damage on the Palumbo family under the current economic conditions.

Case: 09-12148    Doc# 32    Filed: 09/25/09    Entered: 09/30/09 15:54:10    Page 5 of 25

**4a)**     The current recorded Trustee is Quality Loan Service in place and stead of the original Trustee (Fremont General Credit Corp.) as assigned by MERS on 3/20/09, the present Beneficiary and Trustee. HSBC Bank's interest, if any, in the home is unknown. Litton Loan acquired servicing of the loan through Fremont Investment and Loan in June 2008. (Exhibit F) The original lender and endorser of the Deed of Trust and only entity known the Palumbos with the ability to enforce/change/alter the contents of this Note unless mutually agreed upon is Fremont Investment and Loan.  Palumbos did not contest to Litton Loan Servicing being assigned as "servicing agent only" on behalf of Fremont Investment and Loan.

**5a)**     The Palumbos deny and respond to the accuracy of Exhibit 3 mentioned and alleged accounting procedures. The information is misleading. Movant's account management and procedures, specifically Line 7, this procedure conflicts with the Palumbos December and January Statements. (Exhibit G)  The monthly mortgage statements show a payment made in November, for November that was not being reflected as a mortgage payment until February. However, it was not until April 2, 2009 that the Palumbos received written confirmation that the account had been credited properly for this November payment. Quality Loan Service, on March 23, 2009 (one month before the written confirmation from Litton) officially filed the Notice of Default

Case: 09-12148    Doc# 32    Filed: 09/25/09    Entered: 09/30/09 15:54:10    Page 6 of 25

at the Marin County Recorders Office. In March, the Palumbos

stopped receiving monthly statements from the Movant. The

Palumbos do not deny that a debt was owed; it is the amount at

the time to cure the default in January to stop the Notice of

Default that is being disputed. The delay in responding to and

updating the Palumbos account was unnecessary and avoidable.

The Palumbos have made numerous attempts to settle this debt,

but the Movant has been unresponsive. It would be unjust and

unfair to let them take the Home under these circumstances. The

very filing of this Motion by the Movant so they can foreclose

is a contradiction to what the Palumbos are being lead to

believe outside of court by an offering of a loan modification

through McCalla Raymer.  Upon request, the Palumbos are willing

to supply to the court any phone transcript, letter, account

statement, appraisal, deemed necessary to prove the foregoing

response. These documents contain personal information regarding

persons not directly involved and the Palumbos did not feel

compelled to expose them publicly at this time.


        In light of the foregoing information, the Palumbos

being at the mercy of your Honor and the court respectfully

request for judgment to the Motion for Relief as follows:


    1. For the Order to the Motion for Relief from Automatic

        Stay be denied for Lack of Standing and being based on

Case: 09-12148    Doc# 32    Filed: 09/25/09    Entered: 09/30/09 15:54:10    Page 7 of 25

false, inaccurate documents. There are two Trustees transferring title on the home, neither of whom has complied with California Civil Code §2935.5 as mandated in §2924.5(a)2, and §2923.6. We ask Your Honor to recognize the currently recorded Notice of Default and pending Foreclosure/Trustee Sale as unjust and unfairly filed and until such time the Palumbos have the ability to present this under the proper jurisdiction to have them rescinded by the Movant(s), and the true trustee/title holder be known, the relief sought is denied.

2. For an Order the Motion for Relief from Automatic Stay be denied and/or a stipulation which allows the Palumbos to pay the total pre-petition arrearage over a reasonable period time in addition to keeping current with post-petition payments. Providing the pre/post-petition payments conform to a formidable resolution between both parties or until such time the current HAMP modification is in effect, and the home is no longer in jeopardy due to the current foreclosure/sale status.

3. For an Order the Motion for Relief from Automatic Stay be denied, and any other Order your honor deems proper, in

Case: 09-12148   Doc# 32   Filed: 09/25/09   Entered: 09/30/09 15:54:10   Page 8 of 25

consideration of Exhibit 2 proved to contain false and misleading evidence submitted to the court to support Movant's claims and a violation of U.S. Code Title 18 §152.

4. For and in consideration that a modification or repayment agreement regarding the Palumbos debt on their current mortgage loan makes their ability to maintain an effective reorganization possible. That Palumbo is currently employed and has proven in the past the ability to make reasonable monthly payments, the Movant's claim that an effective reorganization is not possible is based on false, inaccurate documents and therefore this claim should be deemed invalid and dismissed. The Palumbos losing their family home is not an option and the relief sought should be denied.


Dated this September 24, 2009

Michael and Rhonda J. Palumbo
Respondents/Debtors CH 7, Case #09-12148

Case: 09-12148   Doc# 32   Filed: 09/25/09   Entered: 09/30/09 15:54:10   Page 9 of 25

Michael and Rhonda J. Palumbo, Pro Se
2211 Center Rd, Novato CA 94947

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFONIA

## SANTA ROSA DIVISION

Michael and Rhonda J. Palumbo,     ) Case No.: 09-12148
**(Debtors/Respondents)**        ) Chapter 7
                                )
HSBC Bank USA as Trustee,      ) EXHIBITS FOR RESPONSE TO
Litton Loan Servicing, LP as    ) MOTION FOR RELIEF FROM AUTOMATIC
Servicing Agent                    ) STAY
**(Creditors/Movants)**        )
                                ) Date:  9/29/09
                                ) Time:  9:00 AM
                                ) Place: 99 South E. Street
                                                Santa Rosa, CA

Exhibit A: Notice of Default

Exhibit B: Substitution of Trustee from MERS to Quality Loan Service

Exhibit C: Debt Validation Notice – MERS

Exhibit D: Appraisal Cover page showing correct information on subject property; 2211 Center Road, Novato CA 94947

Exhibit E: Law Offices of McCalla Raymer solicitation offer on behalf of Litton Loan Servicing.

Exhibit F: Loan Servicing Assignment from Fremont Investment and Loan to Litton Loan Servicing.

Exhibit G: Monthly statements as received.

Exhibits - 1 of 1

TS No.: CA-09-285364-BL
Loan No.: 40414971
Notice of Default and Election To Sell Under Deed of Trust

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 2/23/2006, executed by MICHAEL PALUMBO AND RHONDA J. PALUMBO, HUSBAND AND WIFE, AS COMMUNITY PROPERTY , as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., AS NOMINEE FOR FREMONT INVESTMENT & LOAN, as beneficiary, recorded 2/28/2006, as Instrument No. 2006-0012798, in Book xxx, Page xxx of Official Records in the Office of the Recorder of MARIN County, California describing land therein: as more fully described in said Deed of Trust.

Said obligations including 1 NOTE(S) FOR THE ORIGINAL sum of $441,000.00, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Installment of principal and interest plus impounds and advances which became due on 12/1/2008 plus amounts that are due or may become due for the following: late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustees fees, and any attorney fees and court costs arising from or associated with beneficiaries effort to protect and preserve its security must be cured as a condition of reinstatement.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

The Beneficiary or its designated agent declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 2923.5, or the borrower has surrendered the property to the beneficiary or authorized agent, or is otherwise exempt from the requirements of § 2923.5.

Dated: 3/20/2009          **Quality Loan Service Corp., AS AGENT FOR BENEFICIARY**
                              **BY: LSI Title Company, as Agent**

CHIA Y. KONG, As AUTHORIZED AGENT

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holder's rights against the real property only.

**THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

# Exhibit A

**LSI Title Company (CA)**

Recording requested by:
Quality Loan Service Corp

When recorded mail to:
Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101

THIS IS TO CERTIFY THAT THIS IS A FULL,
TRUE AND CORRECT COPY OF THE ORIGINAL
RECORDED IN THE OFFICE OF THE COUNTY

RECORDED ON: __March 23, 2009__

AS DOCUMENT NO: __09-14405__ BK: / PG:

BY: __s/ Title Court Automation__

LSI TITLE COMPANY (CA)

090209620

TS No.: CA-09-265364-BL                    Loan No.: 40414971

Space above this line for Recorder's use

# IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL
## UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION.** You may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account (normally five business days prior to the date set for the sale of your property). No sale may be set until three months from the date this notice of default is recorded (which date of recordation appears on this notice). This amount is **$19,409.59** as of **3/20/2009** and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have the pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Litton Loan Servicing LP**
**C/O Quality Loan Service Corp.**
**2141 5th Avenue**
**San Diego, CA 92101**
**619-645-7711**

Recording requested by:

When recorded mail to:

Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101
619-645-7711

Space above this line for recorders use

TS # CA-09-265364-BL Order # 090209620-CA-MAI Loan # 40414971
MERS MIN No.:
100194470001898526

## Substitution of Trustee

WHEREAS, MICHAEL PALUMBO AND RHONDA J. PALUMBO, HUSBAND AND
WIFE, AS COMMUNITY PROPERTY   was the original Trustor, FREMONT GENERAL
CREDIT CORPORATION, A CALIFORNIA CORPORATION was the original Trustee, and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., AS NOMINEE FOR FREMONT
INVESTMENT & LOAN was the original Beneficiary under that certain Deed of Trust dated
2/23/2006 and recorded on 2/28/2006 as Instrument No. 2006-0012798, in book xxx, page xxx
of Official Records of MARIN County, CA; and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of
Trust in place and stead of said original Trustee, or Successor Trustee, thereunder, in the
manner provided for in said Deed of Trust,

NOW, THEREFORE, the undersigned hereby substitutes QUALITY LOAN SERVICE
CORPORATION ,as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or
neuter, and the singular number includes the plural.

Page 1

# Exhibit B

Case: 09-12148   Doc# 32   Filed: 09/25/09   Entered: 09/30/09 15:54:10   Page 13 of
25

Substitution of Trustee - CA
TS # CA-09-265364-BL
Page 2

Dated: 3/20/2009

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.

By: _____
Marti Noriega    Assistant Vice President

State of  Texas  )
County of  Harris  )

On 3/26/09 Date before me, _Melissa Bey_ a notary public, personally appeared ____Marti Noriega____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

MELISSA BELL
Notary Public, State of Texas
My Commission Expires
March 28, 2011

Signature _Mel Bell_____ (Seal)

**Quality Loan Service Corp.**
**2141 5th Avenue**
**San Diego, CA 92101**
**619-645-7711**

Date: **4/22/2009**

T.S. Number: **CA-09-265364-BL**
Loan Number: **40414971**

## DEBT VALIDATION NOTICE

1.  The enclosed document relates to a debt owed to:
    **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.**

2.  You may send us a written request for the name and address of the original creditor, if different from the current creditor, and we will obtain and mail the information within thirty (30) days after we receive your written request.

3.  As of **3/20/2009** the total delinquency owed was **$19,732.59**, because of interest, late charges, and other charges that may vary from day to day this amount will increase until the delinquency has been fully paid. Before forwarding payment please contact the above at the address or phone number listed in order to receive the current amount owed.

4.  As of **4/22/2009**, the amount required to pay the entire debt in full was the unpaid principal balance of **$470,521.24**, plus interest from **11/1/2008**, late charges, negative escrow and attorney and/or trustee's fees and costs that may have been incurred. The amount will increase daily until the debt has been paid in full. For further information please write to the above listed address or call **619-645-7711**.

5.  You may dispute the validity of this debt, or any portion thereof, by contacting our office within thirty (30) days after receiving this notice. In that event, we will obtain and mail to you written verification of the debt. Otherwise, we will assume that the debt is valid.

### WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.

Exhibit C

Paula Saling (415)640-0916

# Uniform Residential Appraisal Report
File # 2211CenterRoad

**Exhibit D**
1 of 3

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

| | |
|---|---|
| Property Address 2211 Center Rd | City Novato | State CA | Zip Code 94947-2056 |

Borrower Mike and Rhonda Palumbo  Owner of Public Record Mike and Rhonda Palumbo  County Marin

Legal Description See preliminary title report for complete legal desc.

Assessor's Parcel # 132-201-34  Tax Year 2005  R.E. Taxes $ 2,638.00

Neighborhood Name Novato Ranch Map 01 E  Map Reference TB 525-H3  Census Tract 1031.00

Occupant ☒ Owner ☐ Tenant ☐ Vacant  Special Assessments $ included in tax  ☐ PUD  HOA $ NA  ☐ per year ☐ per month

Property Rights Appraised ☒ Fee Simple ☐ Leasehold ☐ Other (describe)

Assignment Type ☐ Purchase Transaction ☒ Refinance Transaction ☐ Other (describe)

Lender/Client Pacific Capital Mortgage  Address 200 Professional Center Drive, Suite 21, Novato, CA, 94947

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal? ☐ Yes ☒ No

Report data source(s) used, offering price(s), and date(s). Local MLS

I ☐ did ☒ did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.

Contract Price $ Refinance  Date of Contract  Is the property seller the owner of public record? ☐ Yes ☐ No  Data Source(s)

Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower? ☐ Yes ☐ No
If Yes, report the total dollar amount and describe the items to be paid. NA

Note: Race and the racial composition of the neighborhood are not appraisal factors.

| Neighborhood Characteristics | | One-Unit Housing Trends | | One-Unit Housing | | Present Land Use % |
|---|---|---|---|---|---|---|
| Location ☐ Urban ☒ Suburban ☐ Rural | Property Values ☐ Increasing ☒ Stable ☐ Declining | PRICE $ (000) | AGE (yrs) | One-Unit 100 % |
| Built-Up ☒ Over 75% ☐ 25-75% ☐ Under 25% | Demand/Supply ☐ Shortage ☒ In Balance ☐ Over Supply | 525 Low 0 | | 2-4 Unit % |
| Growth ☐ Rapid ☒ Stable ☐ Slow | Marketing Time ☐ Under 3 mths ☒ 3-6 mths ☐ Over 6 mths | 2,100 High 70 | | Multi-Family % |
| | | 731 Pred. 40 | | Commercial % |
| | | | | Other % |

Neighborhood Boundaries  Boundaries are Novato Blvd, north, Sutro Avenue west, Vineyard and Mill Roads south and Wilson Avenue east.

Neighborhood Description  The subject is located in the western section of Novato. Schools, shopping and recreation are within minutes. Employment centers are 30 minutes south to San Francisco and north to Santa Rosa. Public transportation is provided by Golden Gate Transit. Freeway access is over 2 minutes.

Market Conditions (including support for the above conclusions)  At current time, supply and demand appear to be in balance. Prices are stable to increasing at a slower pace. Marketing time is 1-2 months if property priced. Financing is almost exclusively conventional. Loan discounts and interest buy downs are uncommon and do not appear to affect value. Interest rates are low but rising.

| | | | |
|---|---|---|---|
| Dimensions 125 x 95.46 | Area 11,933 Sq.Ft. | Shape Rectangular | View None |

Specific Zoning Classification R17.5  Zoning Description Single Family Residential

Zoning Compliance ☒ Legal ☐ Legal Nonconforming (Grandfathered Use) ☐ No Zoning ☐ Illegal (describe)

Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use? ☒ Yes ☐ No  If No, describe

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements - Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | | Water | ☒ | | Street Asphalt | ☒ | |
| Gas | ☒ | | Sanitary Sewer | ☒ | | Alley None noted | | |

FEMA Special Flood Hazard Area ☐ Yes ☒ No  FEMA Flood Zone X  FEMA Map # 0601780002C  FEMA Map Date 9/29/1989

Are the utilities and off-site improvements typical for the market area? ☒ Yes ☐ No  If No, describe

Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)? ☐ Yes ☒ No  If Yes, describe

| General Description | Foundation | Exterior Description materials/condition | Interior materials/condition |
|---|---|---|---|
| Units ☒ One ☐ One with Accessory Unit | ☒ Concrete Slab ☐ Crawl Space | Foundation Walls concrete | Floors crpt/wd/tile/vinyl/good |
| # of Stories One | ☐ Full Basement ☐ Partial Basement | Exterior Walls Block, stucco | Walls drywall/good |
| Type ☒ Det. ☐ Att. ☐ S-Det./End Unit | Basement Area sq.ft. | Roof Surface Comp shingle | Trim/Finish wood/good |
| ☒ Existing ☐ Proposed ☐ Under Const. | Basement Finish % | Gutters & Downspouts Metal | Bath Floor tile/good |
| Design (Style) Ranch | ☐ Outside Entry/Exit ☐ Sump Pump | Window Type Mixed | Bath Wainscot tile/good |
| Year Built 1947 | Evidence of ☐ Infestation | Storm Sash/Insulated None | Car Storage ☐ None |
| Effective Age (Yrs) 25 | ☐ Dampness ☐ Settlement | Screens None/some | ☐ Driveway # of Cars |
| Attic ☒ None | Heating ☒ FWA ☐ HWBB ☐ Radiant | Amenities ☐ Woodstove(s) # | Driveway Surface Gravel - typical |
| ☐ Drop Stair ☐ Stairs | ☐ Other Fuel gas | ☒ Fireplace(s) # 1 ☐ Fence | ☒ Garage # of Cars 2 car gar |
| ☐ Floor ☐ Scuttle | Cooling ☐ Central Air Conditioning | ☒ Patio/Deck ☐ Porch | ☐ Carport # of Cars |
| ☐ Finished ☐ Heated | ☐ Individual ☐ Other | ☐ Pool ☐ Other | ☐ Att. ☐ Det. ☐ Built-In |

Appliances ☐ Refrigerator ☒ Range/Oven ☒ Dishwasher ☒ Disposal ☐ Microwave ☒ Washer/Dryer ☐ Other (describe)

Finished area above grade contains: 7 Rooms  3 Bedrooms  2 Bath(s)  1,714 Square Feet of Gross Living Area Above Grade

Additional features (special energy efficient items, etc.)  No special energy items. Features include pine kitchen cabinets, triple sink, tile countertops, skylights, French doors, laminate flooring and brick fireplace.

Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.).  Subject is in good condition. Kitchen and bathrooms are remodeled. Rear portion of house is an addition. Floor plan has some obsolescence due to lack of central hallway. No significant signs of deferred maintenance noted.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? ☐ Yes ☒ No  If Yes, describe

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? ☒ Yes ☐ No  If No, describe

Freddie Mac Form 70 March 2005  Page 1 of 6  Fannie Mae Form 1004 March 2005

Form 1004 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

Case: 09-12148  Doc# 32  Filed: 09/25/09  Entered: 09/30/09 15:54:10  Page 16 of 25

# Uniform Residential Appraisal Report

File # 2211 Center Road

There are **12** comparable properties currently offered for sale in the subject neighborhood ranging in price from $ **749,000** to $ **845,000**
There are **18** comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ **700,000** to $ **899,000**

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 2211 Center Rd | 3 Devonshire Drive | | 11 Irene Drive | | 2511 Center Road | |
| | Novato, CA 94947-2056 | Novato | | Novato | | Novato | |
| Proximity to Subject | | 0.17 miles NE | | 0.54 miles SE | | 0.39 miles NW | |
| Sale Price | $ Refinance | $ | 750,000 | $ | 730,000 | $ | 680,000 |
| Sale Price/Gross Liv. Area | $ sq.ft. | $ 387.00 sq.ft. | | $ 435.82 sq.ft. | | $ 536.28 sq.ft. | |
| Data Source(s) | | MLS#20529885/DOM 66 | | MLS#20526696/DOM 105 | | MLS#20530454/DOM 52 | |
| Verification Source(s) | | Doc#92041 | | Doc#92145 | | Doc#87268 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing | | Conventional | | Conventional | | Conventional | |
| Concessions | | None | | None | | None | |
| Date of Sale/Time | | 12/06/05 COE | | 12/06/05 COE | | 11/15/05 COE | |
| Location | Res/avg/traffic | SI superior | -5,000 | Superior | -10,000 | Similar | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 11,933 | 10,000 | | 11,700 | | 9,583 | |
| View | None | None | | None | | None | |
| Design (Style) | Ranch | Ranch | | Ranch | | Ranch | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Actual Age | 58 | 40 | | 32 | | 40 | |
| Condition | Good | Good | | Good | | Good | |
| Above Grade | Total Bdrms. Baths | Total Bdrms. Baths | | Total Bdrms. Baths | | Total Bdrms. Baths | |
| Room Count | 7  3  2 | 8  5  3 | -6,000 | 6  3  2 | | 6  4  2 | |
| Gross Living Area | 1,714 sq.ft. | 1,938 sq.ft. | -17,000 | 1,675 sq.ft. | 0 | 1,268 sq.ft. | +33,000 |
| Basement & Finished | None | None | | None | | None | |
| Rooms Below Grade | None | none | | shed | | None | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FAU/none | FAU/none | | FAU/none | | FAU/none | |
| Energy Efficient Items | standard | standard | | standard | | standard | |
| Garage/Carport | 2 car gar | 2 Car garage | | 2 Car garage | | 2 Car garage | |
| Porch/Patio/Deck | Decks | unknown | | patio | | patio | |
| Other | rem kit/baths | rem bath | +15,000 | rem bath | +15,000 | similar | |
| Net Adjustment (Total) | | □ + ☒ - | $  13,000 | ☒ + □ - | $  5,000 | ☒ + □ - | $  33,000 |
| Adjusted Sale Price | | Net 1.7 % | | Net 0.7 % | | Net 4.9 % | |
| of Comparables | | Gross 5.7 % | $ 737,000 | Gross 3.4 % | $ 735,000 | Gross 4.9 % | $ 713,000 |

☒ did □ did not research the sale or transfer history of the subject property and comparable sales. If not, explain

My research □ did ☒ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data Source(s)  MLS, county records, FARES
My research □ did ☒ did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data Source(s)  MLS, county records, FARES
Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #1 | COMPARABLE SALE #2 | COMPARABLE SALE #3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | None in 36 months | No sales in 12 months | No sales in 12 months | No sales in 12 months |
| Price of Prior Sale/Transfer | | | | |
| Data Source(s) | | | | |
| Effective Date of Data Source(s) | | | | |

Analysis of prior sale or transfer history of the subject property and comparable sales    None

Summary of Sales Comparison Approach    $75 per sf given for living area differences over 100 sf. Sales presented are the best available. All adjustments were made according to market reaction. Sales 1 and 2 had the smallest adjustments. Sale 1 is larger with inferior kitchen and bathroom remodeling. Sale 2 is closest in size with inferior remodeling. Sale 3 is similar in location but smaller. Weight is given to sales 1 and 2.

Indicated Value by Sales Comparison Approach $ 735,000

Indicated Value by: Sales Comparison Approach $ 735,000    Cost Approach (if developed) $ 765,859    Income Approach (if developed) $
Most emphasis given to the sales comparison approach, generally considered the most reliable method of estimating value. The cost approach is supportive. GRM not considered due to predominant owner occupancy.

This appraisal is made ☒ "as is", □ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, □ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or □ subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair. The opinion of market value in this report is the result of a complete appraisal in a summary format.

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is $  735,000  , as of  12/13/05  , which is the date of inspection and the effective date of this appraisal.

Freddie Mac Form 70 March 2005                Page 2 of 6                Fannie Mae Form 1004 March 2005

Form 1004 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

Exhibit D

3 of 3

See Comments Page

**ADDITIONAL COMMENTS**

**COST APPROACH TO VALUE (not required by Fannie Mae)**

Provide adequate information for the lender/client to replicate the below cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)     Land is valued by extraction

| | | | | |
|---|---|---|---|---|
| ESTIMATED ☐ REPRODUCTION OR ☒ REPLACEMENT COST NEW | OPINION OF SITE VALUE | | =$ | 450,000 |
| Source of cost data   Local contractors | DWELLING | 1,714 Sq.Ft. @ $ 250.00 | =$ | 428,500 |
| Quality rating from cost service       Effective date of cost data | | Sq.Ft. @ $ | =$ | |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | | | =$ | 12,000 |
| Land to improvement ratio is typical. | Garage/Carport | 410 Sq.Ft. @ $ 100.00 | =$ | 41,000 |
| | Total Estimate of Cost-New | | =$ | 481,500 |
| | Less      Physical    Functional    External | | | |
| | Depreciation | 200,641| 5,000 | 10,000 | =$( 215,641) |
| | Depreciated Cost of Improvements | | =$ | 265,859 |
| | "As-is" Value of Site Improvements | | =$ | 50,000 |
| Estimated Remaining Economic Life (HUD and VA only)                    Years | INDICATED VALUE BY COST APPROACH | | =$ | 765,859 |

**INCOME APPROACH TO VALUE (not required by Fannie Mae)**

| | | | |
|---|---|---|---|
| Estimated Monthly Market Rent $          NA          X Gross Rent Multiplier | = $ | Indicated Value by Income Approach | |

Summary of Income Approach (including support for market rent and GRM)

**PROJECT INFORMATION FOR PUDs (if applicable)**

Is the developer/builder in control of the Homeowners' Association (HOA)?  ☐ Yes  ☐ No    Unit type(s)  ☐ Detached  ☐ Attached

Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.

Legal Name of Project

| Total number of phases | Total number of units | Total number of units sold | |
|---|---|---|---|
| Total number of units rented | Total number of units for sale | Data source(s) | |

Was the project created by the conversion of existing building(s) into a PUD?  ☐ Yes  ☐ No  If Yes, date of conversion.

Does the project contain any multi-dwelling units?  ☐ Yes  ☐ No  Data Source

Are the units, common elements, and recreation facilities complete?  ☐ Yes  ☐ No  If No, describe the status of completion.

Are the common elements leased to or by the Homeowners' Association?  ☐ Yes  ☐ No  If Yes, describe the rental terms and options.

Describe common elements and recreational facilities.

Form 1004 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

Case: 09-12148    Doc# 32    Filed: 09/25/09    Entered: 09/30/09 15:54:10    Page 18 of 25

*LAW OFFICES*
## McCALLA RAYMER, LLC
**BANKRUPTCY DEPARTMENT**
*1544 OLD ALABAMA ROAD*
ROSWELL, GEORGIA 30076-2102
TELEPHONE:770-643-2148
TELEFAX: 770-783-6926
1-800-275-7171

# Exhibit E

## URGENT / RESPONSE APPRECIATED
August 28, 2009

**VIA US MAIL**

Michael Palumbo
2211 Center Rd
Novato, CA 94947

| | | |
|---|---|---|
| Creditor | : | Litton Loan Servicing |
| Debtor(s) | : | Michael Palumbo And Michael Palumbo |
| Creditor Loan No. | : | 40414971 |
| Investor Loan No. | : | 7000189852 |
| Our File No. | : | FISLT-09-06153 |
| Property Address | : | 2211 Center Rd |
| | | Novato, CA 94947 |

Dear Mr.Palumbo:

### RE: WORKOUT OPTIONS FOR BORROWERS IN BANKRUPTCY

We are writing to you on behalf of our client, Litton Loan Servicing. It appears your loan may be performing under a previous court order and has been identified as a possible candidate for a loan workout and bankruptcy release. It is our client's position that they may be able to offer you better payment options than the ones you are currently required to comply with in your current bankruptcy case. Please know that by pursuing these options it may not be necessary for you to continue payments on your mortgage note in the present amount. It may be possible for you to dismiss your case and lower your monthly mortgage payments. In addition, the payments would not be deducted from your paycheck as required in bankruptcy and there would be no monthly trustee fee if you are out of bankruptcy.

Here are the options for your consideration.

**If you wish to keep the property you may be able to modify your existing loan.** If your loan is currently delinquent it may be possible to add the delinquent amounts due on your existing principal balance, extend the maturity date and/or a change in the current interest rate (subject to current daily market rates). This would bring your loan to a current status, with a modified monthly payment.

**If you cannot afford to keep the property, you may be able to sell the property.** In situations where the value of the property does not exceed your outstanding debt, compromises can be considered to allow the sale of the property at fair market value with the shortfall forgiven.

**If you are unable to sell the property at fair market value** and there are no junior liens, the Client may be agreeable to accept a Deed In Lieu of Foreclosure. A deed in lieu of foreclosure is a process whereby you voluntarily give the deed to the Servicer to satisfy the amount of debt you owe. This would prevent a foreclosure sale from occurring on your property. Please Note: We are unable to process Deed in Lieu of foreclosure requests in the states of Georgia and Texas.

## PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

LAW OFFICES
McCALLA RAYMER, LLC
BANKRUPTCY DEPARTMENT
1544 OLD ALABAMA ROAD
ROSWELL, GEORGIA 30076-2102
TELEPHONE: 770-643-2148
TELEFAX: 770-643-4176
1-800-275-7171

# WORKOUT QUESTIONNAIRE FOR BORROWERS IN BANKRUPTCY

TO: Prommis Solutions, LLC Loss Mitigation Department, FAX# 770-783-6926

**I am interested in the following option:**

_____ Repayment Plan (if loan mod is not an option or less than four payments is arrears)

___✓___ Loan Modification (desire to keep my home – capitalize past due amount owed)

_____ Short Sale (selling my property at fair market value – can not pay-off loan in full, but want to avoid a foreclosure) No additional liens on property.

_____ Deed in Lieu (cannot sell the property or afford to keep it, but willing to sign a deed to the Servicer in an effort to avoid a foreclosure) No additional liens on property.

**The following explains my current situation:** *Please see attached document*

1. I fell behind in my mortgage payments because: *see attached with explanation sheet*

2. My income and/or expenses have changed since filing bankruptcy as follows:

3. I am applying for a loan modification and am able to make the following cash contribution to pay down outstanding fees and costs and/or payments (this will be applied towards the modification, or repayment agreement if, and when, approved):

4. If my workout option is approved, and I am in a Chapter 13, I will most likely (a) convert to a Chapter 7, (b) dismiss my case or (c) remain in the bankruptcy to pay my secured creditors. (please circle one)

**BEFORE FAXING THIS QUESTIONNAIRE, PLEASE BE CERTAIN THE FOLLOWING IS INCLUDED:**

___✓___ Completed financial statement;

___✓___ Current pay stub (for ALL individuals contributing to the household)

___✓___ Evidence of assistance from family members, if applicable.

*also included:*
*proof of insurance*
*2008 taxes*
*YTD Profit and Loss Statement*
*July/August Bankstatements*
*Monthly Income and expense report*

**PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

## NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

You are hereby notified that the servicing of your mortgage loan, that is the right to collect payments from you, is being assigned, sold or transferred from FREMONT INVESTMENT & LOAN to Litton Loan Servicing LP, effective June 1, 2008.

The assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date of transfer or at closing.

Your present servicer is FREMONT INVESTMENT & LOAN. If you have any questions relating to the transfer of servicing from your present servicer call FREMONT INVESTMENT & LOAN, at (800) 776-7511, Monday through Friday, between the hours of 6:00 am and 6:00 pm (PST). This is a toll-free number.

Your new servicer will be Litton Loan Servicing LP. The business address for your new servicer is: Litton Loan Servicing LP, 4828 Loop Central Drive, Houston, Texas 77081. The toll-free telephone number of your new servicer is (800) 247-9727. If you have any questions relating to the transfer of servicing to your new servicer, call the Litton Loan Servicing LP Customer Care Department toll-free at (800) 247-9727, Monday through Friday, between 6:00 a.m. and 7:00 p.m. (CST).

The date that your present servicer will stop accepting payments from you is June 1, 2008. The date that your new servicer will start accepting payments from you is June 1, 2008. Send all payments due on or after that date to your new servicer.

The transfer of servicing rights may affect the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance in the following manner: premiums for mortgage life, accidental death, or disability insurance will not be transferred from your previous servicer. You may contact your carrier for arrangements to maintain your coverage by direct billing. Please call your previous servicer if you are unsure of your carrier's name.

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 USC 2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 USC 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 business days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to this address: Litton Loan Servicing LP, Attention: Customer Care Department, 4828 Loop Central Drive, Houston, Texas 77081.

Not later than 60 business days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60-business day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A business day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

Litton Loan Servicing LP
June 8, 2008

Exhibit F

Michael and Rhonda J Palumbo
Litton Account Statements 11/09 thru 3/09
CASE # 09-12148

Litton Loan Servicing Monthly Statements 11/08 thru 3/09

| Statement Date | Contractual Due Date | Escrow Amt | Late Fee | Other Fees | Scheduled Payment | Due Date | Amount Now Due | Escrow Balance | Suspense Account |
|---|---|---|---|---|---|---|---|---|---|
| 11/14/2008 | 11/1/2008 | 0 | 0 | 1,437.56 | 3,524.77 | 12/1/2008 | 7,049.54 | -3540.56 | 0 |
| 12/15/2008 | 11/1/2008 | 295.05 | 0 | 1,587.56 | 3,819.82 | 1/1/2009 | 7,959.69 | -3540.56 | *3524.77 |
| 1/15/2009 | 11/1/2008 | 295.05 | 211.49 | 1,598.06 | 3,819.82 | 2/1/2009 | 11,991.00 | -3540.56 | *3524.77 |
| 2/12/2009 | 12/1/2008 | 295.05 | 422.98 | 1,598.06 | 3,819.82 | 3/1/2009 | 15,727.26 | -3540.56 | 0 |
| 3/13/2009 | 12/1/2008 | 295.05 | 634.47 | 1,598.06 | 3,819.82 | 4/1/2009 | 19,758.57 | -3540.56 | 0 |

*November's payment was made on 11/24/08

On 12/17/08 we recieved a Notice of Default and Intent to Accelerate

Stopped Receiving Monthly Statements as of 3/09 - Notice of Default Filed 3/20/2009

As of 2/1/09 we were unable to cure the default amount of 11,991.00 to stop foreclosure and make a monthly payment before 3/1/09.

# Exhibit G



**Litton Loan Servicing®**
SEND PAYMENTS TO:
P.O. Box 4387
Houston, TX 77210-4387
www.littonloan.com

# BILLING STATEMENT

| | |
|---|---|
| STATEMENT DATE | 12/15/2008 |
| LOAN NUMBER | 0040414971 |
| CONTRACTUAL DUE DATE | 11/01/2008 |
| PROPERTY ADDRESS | 2211 Center Rd Novato CA 94947 |

**LOAN INFORMATION**

| | |
|---|---|
| PRINCIPAL AND INTEREST | 3,524.77 |
| ESCROW AMOUNT | 295.05 |
| ADDITIONAL AMOUNT REQUIRED | 0.00 |
| MISCELLANEOUS | |
| **TOTAL MONTHLY PAYMENT** | **3,819.82** |
| LATE CHARGES DUE | 0.00 |
| OTHER FEES DUE | 1,587.56 |

*Refer to back of statement for additional information.*

PRINCIPAL BALANCE 470,910.53
ESCROW BALANCE -3,540.56
SUSPENSE BALANCE -3,524.77

CURRENT INTEREST RATE 7.9900

* This is not a payoff balance.

This is an attempt to collect your debt and any information obtained will be used for that purpose.

Pay By Mail
P.O. Box 4387
Houston, TX 77210-4387

Western Union
Code City: Litton
Code State: Texas

CURRENT PAYMENT DUE BY $3,819.82
01/16/2009

PAST DUE AMOUNT $8,171.18
01/01/2009

TOTAL AMOUNT NOW DUE $7,959.69

□ Please check box to indicate mailing address/phone number/social security number changes and enter changes on back of coupon.

PRINCIPAL $
ESCROW $
OTHER $
TOTAL ENCLOSED $

5204041497218 0017218 0381982

---

**Litton Loan Servicing®**
SEND PAYMENTS TO:
P.O. Box 4387
Houston, TX 77210-4387
www.littonloan.com

# BILLING STATEMENT

| | |
|---|---|
| STATEMENT DATE | 01/15/2009 |
| LOAN NUMBER | 0040414971 |
| CONTRACTUAL DUE DATE | 11/01/2008 |
| PROPERTY ADDRESS | 2211 Center Rd Novato CA 94947 |

**LOAN INFORMATION**

| | |
|---|---|
| PRINCIPAL AND INTEREST | 3,524.77 |
| ESCROW AMOUNT | 295.05 |
| ADDITIONAL AMOUNT REQUIRED | 0.00 |
| MISCELLANEOUS | |
| **TOTAL MONTHLY PAYMENT** | **3,819.82** |
| LATE CHARGES DUE | 211.49 |
| OTHER FEES DUE | 1,598.06 |

*Refer to back of statement for additional information.*

PRINCIPAL BALANCE 470,910.53
ESCROW BALANCE -3,540.56
SUSPENSE BALANCE -3,524.77

CURRENT INTEREST RATE 7.9900

* This is not a payoff balance.

This is an attempt to collect your debt and any information obtained will be used for that purpose.

Pay By Mail
P.O. Box 4387
Houston, TX 77210-4387

Western Union
Code City: Litton
Code State: Texas

CURRENT PAYMENT DUE BY $3,819.82
02/16/2009

PAST DUE AMOUNT $12,202.49
02/01/2009

TOTAL AMOUNT NOW DUE $11,991.00

□ Please check box to indicate mailing address/phone number/social security number changes and enter changes on back of coupon.

PRINCIPAL $
ESCROW $
OTHER $
TOTAL ENCLOSED $

5204041497218 1222024 0381982

Michael and Rhonda J. Palumbo, Pro Se

2211 Center Road, Novato, CA 94947

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFONIA

## SANTA ROSA DIVISION

| | |
|---|---|
| Michael and Rhonda J. Palumbo, | ) Case No.: 09-12148<br>) Chapter 7 |
| **(Debtors/Respondents)** | )<br>) PROOF OF SERVICE OF PALUMBOS |
| HSBC Bank USA as Trustee, | ) RESPONSE TO MOVANT'S MOTION FOR<br>) RELIEF FROM AUTOMATIC STAY |
| Litton Loan Servicing, LP as | )<br>) Date: 9/29/09 |
| Servicing Agent | ) Time: 9:00 AM<br>) Place: 99 South E. Street |
| **(Creditors/Movants)** | ) Santa Rosa, CA |

---

    TO: Gregory J. Babcock of McCarthy & Holthus, LLP, Attorney
for Creditors/Movant's; HSBC Bank and Litton Loan Service,
Chapter 7 Trustee, Mr. Timothy W. Hoffman, and Other Interested
Party.


    On September 25, 2009, the Palumbos served the foregoing
documents described as Response for Motion for Relief from
Automatic Stay on the following individuals by depositing true
copies thereof in the United States First Class Mail at Novato,
California enclosed in a sealed envelope, postage paid,
addressed as follows:

1

TRUSTEE:

Mr. Timothy W. Hoffman,

Bankruptcy Trustee

P.O. Box 1761

Sebastopol, CA 95473

CREDITOR'S/MOVANTS:

Mr. Gregory J. Babcock, Esq.

McCarthy & Holthus, LLP

1770 Fourth Avenue

San Diego, CA 92101

SPECIAL NOTICE

Capitol Recovery III, LLC

c/o Recovery Management Systems Corporation

25 SE 2nd Avenue, Suite 1120

Miami, FL 33131-1605


Palumbo's declare under penalty of perjury under the laws of the
United States of America that the foregoing is true and correct.

Dated this September 25, 2009

Michael and Rhonda Jean
Palumbo, Pro Se

2